```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| MICHAEL G. BRAUTIGAM, | : | NO. 1:11-CV-00551 |
| Plaintiff, | : |  |
| vs. | : | **OPINION AND ORDER** |
| GEOFFREY P. DAMON, et al., | : |  |
| Defendants. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 19), Plaintiff's Objections (doc. 21), Defendants Eric C. Deters and Eric C. Deters & Associates PSC's Response (doc. 24), and Geoffrey P. Damon's Notice of Automatic Stay (doc. 23). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation as to the Deters Defendants and GRANTS such Defendants' Motion to Dismiss (doc. 14). The Court further HOLDS IN ABEYANCE Defendant Damon's motions (docs. 4 & 10) and STAYS this matter as to Defendant Damon pending the lift of the bankruptcy stay.

**I. Background**

The Magistrate Judge offered a thorough explanation of the facts of this case, which involves Plaintiff's claims against Defendants for breach of fiduciary duty, legal malpractice, unjust enrichment, conversion, and negligence (doc. 19). Defendants filed

three motions to dismiss, which the Magistrate Judge determined should be denied as to Defendant Damon, but granted as to the Deters Defendants (Id.). However, subsequent to her Report and Recommendation, Defendant Damon filed a Notice of Automatic Stay as he had filed for bankruptcy (doc. 23). As such, the Court finds it appropriate to confine its review of the Report and Recommendation to only the Deters Defendants.

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that Plaintiff's Amended Complaint fails to state a claim against the Deters Defendants and therefore should be dismissed (doc. 19). Plaintiff's fiduciary duty claim fails against the Deters Defendants because Plaintiff had no attorney-client relationship with Damon after August 2010, and there was no fiduciary duty imputed to the Deters Defendants when they hired Damon in September 2010 (Id.). Moreover there is no allegation in the Complaint that the Deters Defendants and Plaintiff communicated and agreed upon the creation of a fiduciary duty (Id.).

The Magistrate Judge similarly found no basis for Plaintiff's claim against the Deters Defendants for legal malpractice (Id.). As there was no attorney-client relationship alleged between the Deters Defendants and Plaintiff, there can be no claim under Ohio law for legal malpractice (Id.).

As for Plaintiff's unjust enrichment claim, the Magistrate Judge found it failed as well, because Plaintiff's

allegations concerning payment occurred prior to Damon being employed by the Deters Defendants (Id.). Moreover, at no point did Plaintiff allege facts that he conferred a benefit on the Deters Defendants, that the Deters Defendants were aware of such benefit, or that the Deters Defendants retained the benefit unjustly (Id.).

Finally, the Magistrate Judge found that Plaintiff's negligence claim against the Deters Defendants failed because he could not establish that their hiring of Damon was the proximate cause of his injuries (Id.).

The Magistrate Judge therefore recommended that the Court grant the Deters Defendants' Motion to Dismiss in its entirety and that the Deters Defendants should be dismissed from this action.

**III. Discussion**

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Accordingly, the Court ADOPTS and AFFIRMS such Report and Recommendation (doc. 19) to the extent that it GRANTS the Deters Defendants' Motion to Dismiss (doc. 14). However, as Defendant Damon filed a Notice of Automatic Stay, the Court HOLDS IN ABEYANCE

3

Defendant Damon's motions (docs. 4 & 10) and STAYS this matter as to Defendant Damon pending the lift of the bankruptcy stay.

        SO ORDERED.

DATED: March 28, 2012        <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge