```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| MICHAEL G. BRAUTIGAM, | : | NO. 1:11-CV-00551 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| GEOFFREY P. DAMON, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 19) and Plaintiff's Objection (doc. 21). For the reasons indicated herein, the Court ADOPTS and AFFIRMS The Magistrate Judge's Report and Recommendation in all respects and therefore DENIES Defendant Damon's Motion to Dismiss as moot, DENIES Defendant Damon's Motion to Dismiss Plaintiff's First Amended Complaint, and GRANTS the Deters Defendants' Motion to Dismiss.

**I. Background**

This matter had been stayed pending Defendant Geoffrey P. Damon's bankruptcy case in the United States Bankruptcy Court for the Eastern District of Kentucky. Defendant Damon has filed notice of termination of automatic stay such that this case may now proceed (doc. 29).

This case involves a dispute between Plaintiff and lawyers he hired to prosecute two lawsuits, one involving legal

malpractice, and the second involving federal civil rights claims against a local judge (doc. 19).  Defendant Damon filed two motions to dismiss (docs. 4,10), and the Deters Defendants filed such a motion as well (doc. 14).  The Magistrate Judge thoroughly reviewed the record and recommended the Court deny both of Damon's motions and grant the Deters Defendants' motion (doc. 19). Plaintiff filed an objection (doc. 21), such that this matter is ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation**

> **A.  Defendant Damon's First Motion to Dismiss**

Defendant Damon's first Motion to Dismiss (doc. 4) attacked the Complaint for lack of diversity jurisdiction, as the Complaint listed Joseph Butkovich as a defendant, and he, like Plaintiff is a citizen of Ohio.  Plaintiff filed an Amended Complaint that no longer included Butkovich as a Defendant. Because the Amended Complaint cured the jurisdictional issues with regard to diversity, the Magistrate Judge properly recommended the Court deny Defendant Damon's first Motion to Dismiss as moot.

> **B.  Defendant Damon's Second Motion to Dismiss**

Defendant Damon's Second Motion to Dismiss attacks Plaintiff's Complaint based two on theories: first, <u>Younger</u> abstention, and second, Plaintiff's failure to join Joseph Butkovich as an indispensable party (doc. 10). <u>Younger v. Harris</u>, 401 U.S. 37 (1971) prohibits federal courts from presiding over

matters pending before a state court.  The Sixth Circuit has held that a federal court must abstain where 1) state proceedings are pending, 2) the state proceedings involve an important state interest, and 3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims.  Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir. 1995).  The Magistrate Judge found the Younger doctrine inapplicable because there was no evidence of a state court proceeding, and in any event Plaintiff's claims arise out of tort and contract law, not a constitutional theory.  The Magistrate Judge thus recommended the Court deny Defendant's motion to dismiss with regard to Younger abstention.

The Magistrate Judge further found no evidence that Butkovich is a necessary party to this lawsuit under Fed. R. Civ. P. 19(a).  The Magistrate Judge reported that Defendant's argument with regard to Butkovich is that he has knowledge of the events alleged in the Complaint, and that Butkovich could be deposed or even called as a witness so as to provide discoverable information.  Moreover, because Plaintiffs claims sound primarily in tort, the Magistrate Judge found Butkovich is no more than a potential joint tortfeasor.  Joint tortfeasors are neither necessary or indispensable parties under Rule 19(a).  PainWebber Inc. v. Cohen, 276 F.3d 197 at 204 (6th Cir. 2001).  For all of these reasons the Magistrate Judge properly concluded Plaintiff has not failed to join an indispensable party, and Defendant Damon's motion to dismiss based on such theory should be denied.

3

**C. The Deters Defendants' Motion to Dismiss**

The Deters' Defendants seek to dismiss the Complaint against them for failure to state a claim. The Magistrate Judge found that Plaintiff has failed to allege facts sufficient to state a claim against the Deters Defendants for breach of fiduciary duty. The Magistrate Judge found that Plaintiff had no attorney-client relationship with the Deters defendants because his relationship with Defendant Damon ended in August 2010, and the Deters Defendants hired Damon in September 2010. Because there was no attorney-client relationship and therefore no fiduciary duty Plaintiff's Complaint failed to state a claim for breach of fiduciary duty against the Deters defendants.

The Magistrate Judge similarly found Plaintiff failed to allege facts sufficient to state a claim for legal malpractice. As there was never an attorney-client relationship between Plaintiff and the Deters defendants, there is no plausible claim for legal malpractice.

The Magistrate Judge next found Plaintiff failed to allege facts sufficient to state a claim against the Deters defendants for unjust enrichment. The Magistrate Judge found that at no point does Plaintiff allege facts demonstrating that the conferred a benefit upon the Deters defendants, that the Deters defendants were aware of such benefit, or that the Deters defendants retained the benefit unjustly. The Court agrees.

Finally, the Magistrate Judge found Plaintiff has failed

to allege facts sufficient to state a claim against the Deters defendants for negligence.  The Magistrate Judge found Plaintiff has failed to allege sufficient facts to establish that Deters' act of hiring Damon was the proximate cause of Plaintiff's injuries. Again, as the Deters defendants did not hire Damon until a month after Plaintiff terminated his professional relationship with Damon, the Magistrate Judge correctly reasoned that it is a practical impossibility that the act of hiring Damon was the proximate cause of Plaintiff's injuries.

**III. Discussion**

Plaintiff objected <u>pro se</u> to the Magistrate Judge's Report and Recommendation, requesting sanctions against Defendant Damon for "filing a frivolous motion to dismiss," and requesting a case management conference (doc. 21).  The core of Plaintiff's objection, however, is as to the Deters Defendants.  Plaintiff contends Defendant Damon was not granted leave to withdraw from representing Plaintiff by the state court until November 9, 2010, such that his claims against the Deters Defendants should be preserved. (doc. 21).

Having reviewed this matter, the Court does not find Plaintiff's objection persuasive.  Plaintiff's Complaint simply fails to allege adequate facts against the Deters defendants to show they had any sort of relationship with Plaintiff or harmed him in any way.  The Court finds the Magistrate Judge's Report and Recommendation correct in its conclusion that Defendant Damon's

motions to dismiss should be denied, while the Deters Defendants' motion should be granted.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981). As of the date of this Order, no objections have been filed.

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 19) in all respects, DENIES Defendant Damon's Motion to Dismiss (doc. 4) as moot, DENIES Defendant Damon's Motion to Dismiss First Amended Complaint (doc. 10), and GRANTS the Deters Defendants' Motion to Dismiss (doc. 14). This case shall proceed as to Defendant Damon before Magistrate Judge Karen Litkovitz, to whom the case has been referred.

SO ORDERED.

DATED: August 1, 2013        <u>s/S. Arthur Spiegel</u>
                             S. Arthur Spiegel
                             United States Senior District Judge

6