UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL G. BRAUTIGAM,
    Plaintiff,

vs.

GEOFFREY P. DAMON, *et al.*,
    Defendants.

Case No. 1:11-cv-551

Spiegel, J.
Litkovitz, M.J.

ORDER

This matter is before the Court on plaintiff Michael G. Brautigam's motion to compel and for sanctions (Doc. 54) and defendant Geoffrey P. Damon's motion for protective order (Doc. 77). The Court heard oral argument on the motions on December 9, 2013. The Court hereby issues the following rulings pursuant to the record established at the hearing.

**I. Motion to compel and for sanctions (Doc. 54)**

    **A. Fifth Amendment privilege**

Defendant Damon has asserted his Fifth Amendment privilege in response to certain interrogatories and requests for admissions submitted by plaintiff. Plaintiff argues that defendant has waived the privilege by providing substantive testimony concerning these same matters in other proceedings.

The Court finds that defendant has not waived his Fifth Amendment privilege against self-incrimination in this litigation by providing substantive testimony in other proceedings. It is settled law that "a waiver of the Fifth Amendment privilege is limited to the particular proceeding in which the waiver occurs." *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979) (citing *United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978); *United States v. Cain*, 544 F.2d 1113, 1117 (1st Cir. 1976) ("It is hornbook law that the waiver is limited to the

particular proceeding in which the witness appears.")). *See also United States v. Rivas-Macias*, 537 F.3d 1271, 1280 n.14 (10th Cir. 2008) (collecting cases). Accordingly, any waiver of defendant Damon's Fifth Amendment privilege in other proceedings is limited to such proceedings and is not binding in this litigation.

**B. Plaintiff's Second Set of Requests for Admissions, Interrogatories, and Production of Documents (Doc. 54-1).**

**i. Written Interrogatories**

Fed. R. Civ. P. 33(a) limits plaintiff to serving 25 written interrogatories, including all discrete subparts, on defendant Damon. Defendant has answered 16 interrogatories, including subparts, from plaintiff's first set of interrogatories without objection. Plaintiff is therefore entitled to answers to nine additional interrogatories.[1] Pursuant to the record established at the hearing, the Court rules as follows on defendant's objections to plaintiff's second set of written interrogatories:

1) Interrogatory No. 1 is amended to delete the word "specificity," and defendant's objections to Interrogatory No. 1 as amended are **OVERRULED**.

2) Defendant withdraws his objections to Interrogatory No. 3, and the objections to Interrogatory No. 3 are therefore moot.

3) Plaintiff withdraws Interrogatory No. 9, and defendant's objections to Interrogatory No. 9 are therefore moot.

4) Defendant's objections to Interrogatory Nos. 2, 4, 5, 6, and 8 are **SUSTAINED**.

5) Defendant's objections to Interrogatory No. 7 are **SUSTAINED** as to defendant

---

[1] The undersigned inadvertently considered the next 16 interrogatories, instead of the next 9, at the hearing. Therefore, this Order is limited to the first 9 interrogatories set forth in plaintiff's second set of interrogatories to defendant Damon.

Damon. Defendant Daryl Croswaithe shall produce the transcript in question if it is in his possession.

### ii. Requests for Admissions

Pursuant to S.D. Ohio Civ. R. 36.1, plaintiff is limited to 40 Requests for Admission. Plaintiff has received clear answers with no objections to a total of 16 Requests for Admission. These are Request for Admission Nos. 5, 6, 9, 10, 11, 12, 13, 14, 16, 19, 20, 21, 22, 23, 24, and 25 from the first set of requests. In light of the total limit of 40, plaintiff is limited to 24 additional Requests for Admission. Pursuant to the record established at the hearing, the Court rules as follows on defendant's objections to plaintiff's second set of Requests for Admission:

1) Request for Admission No. 8 is withdrawn, and defendant's objections to Request for Admission No. 8 are therefore moot.

2) Defendant has sufficiently answered Request for Admission Nos. 7, 10, 12, and 14, and defendant's objections to these Requests for Admission are therefore moot.

3) Defendant's objections to Request for Admission Nos. 1, 2, 3, 4, 5, 11, 13, 16, and 17 are **SUSTAINED**.

4) Defendant's objections to Request for Admission Nos. 9 and 15 are **OVERRULED**.

5) Defendant's objections to Request for Admission No. 6 are **OVERRULED** subject to defendant's objections that his failure to file a complaint against Judge Ruehlman was neither a breach of contract nor an ethical violation.

### C. Request for Sanctions

Plaintiff has not shown that he is entitled to sanctions. Plaintiff achieved only partial success on his motion to compel. Further, plaintiff has not cited any authority to support an award of sanctions. The Court therefore declines to award sanctions to plaintiff.

## II. Motion for Protective Order (Doc. 77)

The Court has previously admonished plaintiff about referring to opposing parties in disparaging terms and casting aspersions on defendant Damon in this litigation. The Court reiterates that such conduct has no place in a lawsuit. Plaintiff is to refrain from referring to an opposing party in derogatory terms and making personal insults in discovery and in his filings in this matter. Any future violations of this Order by any party may result in sanctions.

## III. Conclusion

Plaintiff's motion to compel discovery (Doc. 54) is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order. Defendant Damon's motion for protective order (Doc. 77) is **GRANTED** as set forth in the Court's Order.

**IT IS SO ORDERED.**

Date: 12/11/13

Karen L. Litkovitz
United States Magistrate Judge