UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL G. BRAUTIGAM,           :      NO. 1:11-CV-00551
                                :
     Plaintiff,                 :
                                :
   vs.                          :      **OPINION AND ORDER**
                                :
GEOFFREY P. DAMON, et al.,      :
                                :
     Defendants.                :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 46) and Plaintiff's Objection (doc. 49). For the reasons indicated herein, the Court ADOPTS and AFFIRMS The Magistrate Judge's Report and Recommendation and thus DENIES Defendant Damon's Motion for Summary Judgment on Count Two of the Complaint (doc. 30).

I. **Background**

This case involves a dispute between Plaintiff and lawyers he hired to prosecute two lawsuits, one involving legal malpractice, and the second involving federal civil rights claims against a local judge (doc. 8). In its August 1, 2013 Order (doc. 45) the Court adopted the Magistrate Judge's Report and Recommendation, thus dismissing the Deters Defendants and leaving Defendants Geoffrey Damon and Darryl Crosthwaite as Defendants in

this matter.[1] Shortly thereafter, the Magistrate Judge issued her Report and Recommendation regarding Defendant Damon's pending Motion for Summary Judgment on Count Two of the Complaint (doc. 30) Defendant Damon has filed objections to the Magistrate Judge's Report and Recommendation (doc. 49), such that this matter is ripe for the Court's review.

## II. The Magistrate Judge's Report and Recommendation

Defendant Damon's Motion for Summary Judgment is premised on the theory that his attorney-client relationship ended with Plaintiff on July 28, 2010, such that the one-year statute of limitations on legal malpractice claims accrued on July 28, 2011, before Plaintiff filed his Complaint, on August 15, 2011 (doc. 30). The Magistrate Judge rejected Damon's theory, finding that neither Damon nor Plaintiff had "unequivocally communicated" to the other an intention to terminated the attorney-client relationship prior to Plaintiff's return of a termination letter on August 31, 2010 (doc. 46, citing Wozniak v. Tonidandel, 699 N.E.2d 555, 558 (Ohio Court App. 1997)). The Magistrate Judge further noted, although declined to address, additional evidence showing that Damon's billing records purportedly reflect charges for legal work

---

[1] Although the Court's previous Order adopting the Magistrate Judge's Report and Recommendation indicated the case would continue before the Magistrate Judge as to Defendant Damon (doc. 45), the Court agrees with Defendant Damon's objection to the extent that Defendant Darryl Crosthwaite has never been dismissed from this matter. Plaintiff's Amended Complaint brings independent claims against Crosthwaite.

performed into early October 2010 (Id.). The Magistrate Judge therefore concluded that Defendant Damon has failed to point to clear and unambiguous evidence showing the attorney-client relationship terminated more than one year prior to the filing of this lawsuit on August 15, 2011, and that Damon is not entitled to summary judgment on the legal malpractice claim on the ground that it is time-barred (Id.).

Defendant Damon objected to the Magistrate Judge's Report and Recommendation, arguing that Plaintiff's statements in state court litigation on September 8, 2010, should trigger judicial estoppel so that Plaintiff should be barred from now claiming Damon did indeed represent Plaintiff (doc. 49). Plaintiff stated in such proceedings that he did not believe Damon and his law offices "with whom I have never had any relationship," had no standing and that he had "never been a client of Damon Law Offices, nor do I want to be (Id.)." Damon further objects on the basis that he filed a motion to withdraw on August 3, 2010, which he contends constitutes an affirmative act signaling an end to the relationship (Id.).

### III. Discussion

Having reviewed this matter, the Court finds the Magistrate Judge's conclusion well-founded that Plaintiff's malpractice complaint against Defendant Damon is not barred by the one-year statute of limitations. The Court agrees with the Magistrate Judge that the question of when the attorney-client relationship terminated between Damon and Plaintiff is a question

3

of fact.  Here there is no evidence that Plaintiff knew that Damon filed a motion to withdraw as of August 3, 2010, and the letter Plaintiff received, dated August 4, 2010, indicates Plaintiff could have chosen continued representation by Damon.  Plaintiff's affidavit shows he knew he had until August 31, 2010 to choose how to proceed.  Under these circumstances, the Court finds well-taken the conclusion that the record fails to show either party "unequivocally communicated" to the other an intention to terminate the attorney-client relationship, prior to Plaintiff's return of the letter on August 31, 2010.  Damon's objection (doc. 49) essentially reiterates his prior position argued in his briefing (docs. 30, 33).  The Court finds such objection unpersuasive. Accordingly, Defendant Damon is not entitled to summary judgment on the legal malpractice claim on the ground it is time-barred.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  As of the date of this Order, no objections have been filed.

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct.  Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 46) and DENIES Defendant Geoffrey P.

4

Damon's Motion for Summary Judgment on Count Two of the Complaint (doc. 46). This case shall proceed as to Defendants Damon and Crosthwaite before Magistrate Judge Karen Litkovitz, to whom the case has been referred.

SO ORDERED.

DATED: 2/13/14

_____
S. Arthur Spiegel
United States Senior District Judge