```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

MICHAEL G. BRAUTIGAM,  :  NO. 1:11-CV-00551
    Plaintiff,  :
vs.  :  **OPINION AND ORDER**
GEOFFREY P. DAMON, et al.,  :
    Defendants.  :

      This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 91), Plaintiff's Objection (doc. 95), and Defendant Damon's Response (doc. 97).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS The Magistrate Judge's Report and Recommendation and thus DISMISSES this matter for lack of subject matter jurisdiction.

**I.  Background**

      This case involves a dispute between Plaintiff and lawyers he hired to prosecute two lawsuits, one involving legal malpractice, and the second involving federal civil rights claims against a local judge (doc. 8).  The Court has previously denied a motion for summary judgment with regard to the legal malpractice claim against Defendant Damon, who along with Defendant Crosthwaite, are the only remaining Defendants in this matter.  In the instant Report and Recommendation the Magistrate Judge found

untimely Defendant Damon's motion to dismiss for failure to satisfy the amount in controversy requirement, but nonetheless, upon <u>sua sponte</u> review of the record, came to the conclusion that Defendant's position was correct. She therefore recommended dismissal of this matter for failure to satisfy the amount in controversy requirement, and a dismissal of all remaining motions as moot. Plaintiff has filed an objection, and Defendant Damon a Response such that this matter is ripe for the court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge parsed through the three categories of damages alleged by Plaintiff, and concluded they do not amount to the jurisdictional requisite of $75,000.00 or more under 28 U.S.C. § 1332(a) (doc. 91). The first category of damages involves legal fees Plaintiff paid to Defendants that have not been refunded to him (<u>Id</u>.). The Magistrate Judge reviewed the allegations in the Amended Complaint as well as Plaintiff's memorandum in opposition to the motion to dismiss and concluded Plaintiff's out-of-pocket damages are just above $6,000.00 (<u>Id</u>.).

The second category of damages involves Plaintiff's potential recovery in the malpractice litigation (<u>Id</u>.). Plaintiff had sought damages of $75,000.00 in such litigation and an Order stating the release he signed in the underlying Rose Crest litigation was invalid as a product of coercion and duress (<u>Id</u>.). However, the Magistrate Judge noted that all claims in the state

court malpractice lawsuit were decided against Plaintiff, and the appellate court affirmed the judgment on appeal (Id.). In fact, the appellate court noted in its decision that Plaintiff was not entitled to pursue his malpractice claims and there were no genuine issues of material fact as to such claims (Id.). Specifically, the appellate court noted that because Plaintiff had not returned the $5,000.00 he received in consideration for dismissal of the Rose Crest litigation, Plaintiff could not maintain his lawsuit challenging the circumstances of the settlement (Id.). The Magistrate Judge concluded that because Plaintiff unsuccessfully appealed and he lost, there is clear proof that his malpractice and other claims arising out of the settlement of the Rose Crest litigation have no value (Id.).

The third category of damages sought by Plaintiff relate to his Section 1983 claims against Judge Ruehlman (Id.). The Magistrate Judge found all such claims barred by absolute judicial immunity, and therefore lacking in value (Id.).

Finally, the Magistrate Judge notes that Plaintiff makes grossly exaggerated damage amounts that bear no rational relationship to the allegations in the Amended Complaint (Id.). The Magistrate Judge reviewed the amounts, found them exorbitant, and lacking in "good faith" (Id. citing Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997 (6th Cir. 1976)). Under the Magistrate Judge's analysis, Plaintiff's claims in this matter only amount to approximately $6,000.00, which represents the un-reimbursed legal

3

fees in the first category of damages (Id.). Accordingly, the Magistrate Judge concluded Plaintiff has not met the requisite jurisdictional amount for federal diversity jurisdiction, such that the Court should dismiss this matter for lack of subject matter jursidiction (Id.). Due to such conclusion, the Magistrate Judge further found the balance of motions pending in this matter should be denied as moot (Id.).

**III. The Parties' Briefing**

Plaintiff contends in his briefing that he would have returned the $5,000.00 in the Rose Crest litigation, but he was waiting to be directed by Counsel to do so (doc. 95). He indicates that direction never came, and constitutes erroneous legal advice–in his view, it would be wrong to dismiss a legal malpractice case based on erroneous legal advice (Id.). Plaintiff further contends his measure of damages has always been the same, and the Magistrate Judge reversed herself and the undersigned when she sua sponte addressed the jurisdictional question (Id.). Plaintiff reiterates his view that significant damages are warranted and challenges the state court judgment entry that stated the record contains no genuine issues of material fact with respect to allegations of malpractice (Id.). Finally, Plaintiff argues Judge Ruehlman is not necessarily entitled to judicial immunity, and cites to criminal cases where judges have faced criminal sanctions (Id.).

Defendant Damon responds that in his view the Magistrate

4

Judge's Report and Recommendation is correct (doc. 97). Defendant contends Plaintiff fails to demonstrate the Magistrate Judge erred, and then Defendant attacks the exhibits Plaintiff attached to his Objection (Id.).

**IV. Discussion**

The Court finds the Magistrate Judge's conclusion well-taken that this Court lacks subject matter jurisdiction because Plaintiff's claims do not meet the requisite jurisdictional amount. This Court simply finds nothing before it to rationally justify a damages claim in slightly in excess of $6,000.00.

The state appellate court made findings regarding Plaintiff's malpractice claim that it listed in its judgment entry, concluding there was no genuine issues of material fact as to allegations of malpractice. Plaintiff cannot appeal the state court appellate decision to this Court. Should he wish to revisit the appellate court findings regarding his malpractice claim he had the right to do so within the state court system. This court can only assess the value of Plaintiff's malpractice claims in the light of precedent as it stands.

The Court rejects Plaintiff's proposition that the Magistrate Judge reversed herself and the undersigned. The Court had not previously examined the question of jurisdiction, and in any event, the question of a court's subject matter jurisdiction can be raised at any time. Charvat v. GVN Michigan, Inc., 561 F.3d 623, 627-28 (6th Cir. 2009). Finally, nothing alleged or factually-

supported in Plaintiff's Complaint shows any potential exception to judicial immunity so as to permit any claim against Judge Ruehlman.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 91), and DISMISSES this matter for lack of subject matter jurisdiction.

The Court further DENIES as moot the remaining motions on the docket, to wit: Defendant's Motion for Summary Judgment (doc. 50); Plaintiff's Motion to Strike (doc. 53); Plaintiff's Motion for Sanctions (doc. 54); Plaintiff's Motion to Amend/Correct Complaint (doc. 57); Defendant's Motion to Dismiss for Lack of Jurisdiction (doc. 63); Defendant's Motion to Strike the Affidavit of Plaintiff and all unauthenticated exhibits (doc. 69); Plaintiff's Motion for Sanctions (doc. 73); Defendant's Motion to Stay Discovery Motions Pending Disposition of Jurisdictional and Dispositive Motions (doc. 80); Defendant's Motion to Exclude Plaintiff's Expert Witness Reports and Testimony (doc. 81); and Defendant's Motion for

Extension of Time to Submit an Expert Report (docs. 82, 90).

       SO ORDERED.

DATED: April 17, 2014        <u>s/S. Arthur Spiegel</u>
                                    S. Arthur Spiegel
                                    United States Senior District Judge