UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL G. BRAUTIGAM,  
    Plaintiff,  
vs.  
GEOFFREY P. DAMON, *et al.*,  
    Defendants.

Case No. 1:11-cv-551

Judge Timothy S. Black  
Magistrate Judge Karen L. Litkovitz

**DECISION AND ENTRY:**

**(1) ADOPTING THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE (Doc. 149);
(2) ) OVERRULING PLAINTIFF'S OBJECTIONS TO THE ORDER OF
THE UNITED STATES MAGISTRATE JUDGE (DOC. 153);
(3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 158);
(4) DENYING PLAINTIFF'S MOTIONS FOR AN
IN-PERSON STATUS CONFERENCE (Docs. 119, 136); AND
(5) TERMINATING THIS CIVIL ACTION**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the filings with this Court, and, on November 17, 2015, submitted an Order and Report and Recommendation. (Doc. 149). Plaintiff objected to the Order and Report and Recommendation, and Defendant Crosthwaite responded. (Docs. 153, 156).

In relation to the Magistrate Judge's Report and Recommendation, the Court has reviewed the comprehensive findings of the Magistrate Judge and considers *de novo* all of the filings in this matter, as required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

With regard to Plaintiff's Objections to the Magistrate Judge's Order, the Order at issue involves non-dispositive matters. Therefore, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Federal Rule of Civil Procedure 72(a).[1]

Plaintiff objects to the Magistrate Judge's recommendation that Defendants' motions for summary judgment (Docs. 113, 144) be granted on the grounds of the statute of limitations. Plaintiff argues that the statute of limitations is a question of fact. Moreover, Plaintiff objects to the Magistrate Judge's finding that Defendant Damon terminated the attorney-client relationship with Plaintiff on August 3, 2010 when he filed his Motion for Leave to Withdraw as Trial Attorney for Plaintiff and served it on Plaintiff. Plaintiff contends that Defendant Damon could not have terminated the attorney-client relationship at that time, because on August 20, 2010, Damon filed on Plaintiff's behalf a motion for extension of expert disclosure deadline in the then-pending state court litigation.

The Court is not persuaded, however, that Damon's one page motion for extension of expert deadlines is sufficient to demonstrate that an attorney-client relationship existed at that point in time, where Damon previously filed a Motion for Leave to Withdraw as Trial Attorney. The Court agrees with the Magistrate Judge's conclusion, that Damon's filing and the mailing of the Motion to Withdraw were affirmative acts that terminated

---

[1] A Magistrate Judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Adams v. County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000). A court will overturn a Magistrate Judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

the attorney-client relationship with Plaintiff.[2] *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1051 (6th Cir. 1989); *Duvall v. Manning*, No. 2010-L-069, 2011 WL 2119912, at *5 (Ohio App. 11th Dist. May 27, 2011). The Magistrate Judge properly relied on the Court of Appeals' explicit language specifying the affirmative acts that terminated the attorney-client relationship, as well as the cases cited by the Court of Appeals in support of its conclusion.

Damon's later motion seeking an extension of time does not compel a different conclusion. The motion for extension of time was filed after Damon's Motion for Leave to Withdraw but before the Court granted the Motion for Leave to Withdraw. Thus, the Court finds that motion was filed pursuant to the limited relationship remaining while the Motion for Leave to Withdraw was pending, presumably filed in order to preserve the rights of the Plaintiff during that timeframe. Indeed, the motion for extension of time cited Damon's previously filed Motion for Leave to Withdraw and the continued hearing on that matter as the reason for the necessary extension. Therefore, the motion for extension of time is not sufficient to demonstrate the existence of an attorney-client relationship at that time. *See, e.g., Flynt,* 882 F.2d at 1051-52 (attorney-client relationship terminated when attorneys unambiguously advised client that they would no longer represent it, notwithstanding the fact that attorneys continued to provide legal services to client by filing *certiorari* petition and providing reasonable assistance to replacement counsel).

---

[2] Where the evidence is clear and unambiguous, so that reasonable minds can come to but one conclusion from it, the determination of when the attorney client relationship terminates may be decided as a matter of law. *See, e.g., Trombley v. Calamunci, Joelson, Manore, Farah & Silvers, L.L.P.*, No. L–04–1138, 2005 WL 1009841, at *4 (Ohio App. 6th Dist. Apr. 29, 2005).

Plaintiff further maintains that the attorney client relationship did not terminate until November 2010, when Defendant Damon was permitted to withdraw from the case. Again, Plaintiff's argument is unavailing. "The determination [of the date of termination of an attorney-client relationship] is not dependent on local rules of court. Attorneys are required to follow local rules and must file the appropriate motion with a court to withdraw from representation, but the date of termination of the attorney-client relationship for purposes of R.C. 2305.11 is determined by the actions of the parties." *Smith v. Conley*, 846 N.E.2d 509, 513-14 (Ohio 2006) (emphasis added). As a result, the date on which Damon's motion to withdraw was granted is irrelevant to the Court's analysis. *Duvall*, 2011 WL 2119912, at *5 (rejecting argument that statute of limitations for legal malpractice did not begin to run until the date on which the court granted attorney's motion to withdraw).

Plaintiff also contends that Damon continued to represent him well after the filing of his motion to withdraw, because he continued to bill for his time representing Plaintiff until at least October 2, 2010. Plaintiff attaches a copy of "Geoffrey Damon Pre-bill Worksheet" dated 10/2/210 that, according to Plaintiff, Defendant Damon handed to him at a court appearance on or about November 9, 2010. Plaintiff states, however, that "the billing records do not appear correct and appear to be fabricated after the fact. Plaintiff does not vouch for these records as being true and correct." (Doc. 153 at 9). Thus, by Plaintiff's own admission, the pre-billing worksheets do not appear to be reliable, and the Court will not rely on them to find the existence of an attorney-client relationship where even Plaintiff contends they are fabricated after the fact. As also noted by the Magistrate

4

Judge, the documents are *pre-bill* worksheets which do not necessarily reflect any time *actually* charged to Plaintiff.

The Court concludes that the pre-billing worksheets are unauthenticated, inadmissible hearsay. As noted by the Magistrate Judge, the Court will not consider exhibits that would not be admissible into evidence. *Saleh v. City of Warren, Ohio*, 86 F. App'x 866, 868 (6th Cir 2004) (quoting *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Moreover, in any event, Plaintiff's position is inconsistent with the facts. Plaintiff admittedly notified the law firm Butkovich & Crosthwaite Co., LPA ("B&C") in August 2010 that he wanted to continue being represented by B&C, but not Damon. (See Doc. 8, ¶¶ 28, 29, Ex. D). Thus, as noted by the Court of Appeals, Damon and Brautigam *both* took affirmative acts that terminated the attorney-client relationship in August 2010, months before October 2010.[3]

Plaintiff further argues that the Magistrate Judge is biased against him, and that she should not have ruled on the motion for summary judgment without ruling on his Affidavit of Bias and Prejudice. Plaintiff's Affidavit of Bias and Prejudice (Doc. 134) alleges bias and prejudice on the part of the Magistrate Judge and requests that Magistrate

---

[3] To the extent that Plaintiff contends that the statute of limitations did not begin to run until he actually received the mailed copy of Damon's motion to withdraw, this argument likewise fails. Courts have "recognized that the date on which an attorney sends notice to the client that the attorney is withdrawing from representation serves as the date of the termination of the relationship." *Sandor v. Marks*, No. 26951, 2014 WL 787225, at *3 (Ohio App. 9th Dist. Feb. 26, 2014) (emphasis added) (citing *Niepsuj v. Glick*, No. 24074, 2008 WL 2514819, at *4 (Ohio App. 9th Dist. June 25, 2008)). "Other courts, too, have recognized that a client's subjective knowledge is not required before the attorney-client relationship can be said to have terminated." *Sandor*, 2014 WL 787225, at *3, citing *Woodrow v. Heintschel*, 956 N.E.2d 855, 865 (Ohio App. 6th Dist. 2011). In any event, Plaintiff alleges in his First Amended Complaint that "he was notified through other channels that a motion to withdraw had been filed," and he spoke to Joseph Butkovich in mid-August 2010 to discuss the attorney-client relationship with B&C. (Doc. 8, ¶¶ 26, 31).

Judge Litkovitz recuse herself from further participation in this case. The Affidavit attaches, and relies wholly upon, a Complaint of Judicial Misconduct that Plaintiff filed in the United States Court of Appeals for the Sixth Circuit.

Recusal is only warranted where a "reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *See Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). This is an objective standard and it is not based "on the subjective view of a party." *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Further, "[a] bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law." *Id.*, quoting *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir. 1983). Plaintiff's subjective speculation alone is insufficient to support his allegation of judicial bias. *Smith v. Caterpillar, Inc*., 304 F. App'x 391, 396, citing *Hughes*, 899 F.2d at 1501.

Here, Plaintiff's allegations of bias relate to the Magistrate Judge's conclusions in the case based on her view of the law, not based on any personal bias. Moreover, Plaintiff's allegations are wholly speculative. For example, Plaintiff speculates that the Magistrate Judge dismissed his case "to control her calendar and to protect then 94 year old Senior Judge Spiegel." However, he offers no evidence in support of his conclusory allegations. Furthermore, the Court of Appeals dismissed Plaintiff's Complaint of Judicial Complaint Misconduct, finding no support for his allegations. Specifically, the Court concluded that "[t]he gravamen of the complaint is the complainant's dissatisfaction with the subject judge's Report and Recommendation." (Order with

6

Supporting Memorandum, Case No. 06-15-90035).  The Court further concluded "[t]hat part of the complaint that charges the subject judge with recommending dismissal of the complaint in order to control her calendar, which is based on the date that document was entered on the docket, is frivolous and/or lacks sufficient evidence from which an inference that misconduct has occurred can be made." (*Id.*).  Thus, Plaintiff's argument is not well-taken.

As for Defendant Crosthwaite's motion for summary judgment, Plaintiff contends that a reasonable jury could find Defendant Crosthwaite liable to Plaintiff for negligence, regardless of the legal malpractice count.  The Court agrees with the Magistrate Judge's conclusion, however, that Plaintiff's claim of negligence is subsumed under his legal malpractice claim, and, as such, is governed by the one year statute of limitations provided in Ohio Rev. Code § 2305.11.  *Muir v. Hadler Real Estate Mgmt. Co.*, 446 N.E.2d 820, 822 (Ohio App. 10th Dis. 1982*); see also F.D.I.C. v. Alexander*, 78 F.3d 1103, 1106-07 (6th Cir. 1996) (applying statute of limitations for legal malpractice to claims based on negligence and failure to supervise).

Accordingly, for the foregoing reasons, the Court does determine that the Magistrate Judge's Report and Recommendation should be and is hereby **ADOPTED** in its entirety; and Plaintiff's objections to the Report and Recommendation are overruled. Plaintiff's objections to the Magistrate Judge's Order are likewise overruled.

Finally, the Court notes that subsequent to the filing of his objection to the Magistrate Judge's Order and Report and Recommendation, Plaintiff filed a motion for sanctions (Doc. 158) in response to Defendant Damon's filing of a motion to strike

Plaintiff's objections as untimely (Doc. 155).  Plaintiff maintains that the motion to strike was "completely frivolous" because Plaintiff in fact timely filed his objections.

Defendant Damon opposes the motion on the grounds that he reasonably relied upon the date the CM/ECF system generated e-mail notice as the date of filing of the objections submitted by Plaintiff.  Further, Damon argues that there was no prejudice to Plaintiff since the Court issued a *sua sponte* order on January 13, 2016, denying the motion to strike, and Plaintiff did not file a response until two days after the motion had already been disposed of by the Court.

The Court agrees that sanctions are not appropriate.  The Court issued a *sua sponte* order on January 13, 2016, denying the motion to strike, only two days after Damon's motion to strike was filed.  Thus, the response to the motion to strike was unnecessary.  Moreover, Defendant Damon has offered a credible explanation for his motion.  Further, Plaintiff has not cited any legal authority to show that he is entitled to sanctions.  For these reasons, Plaintiff's motion for sanctions (Doc. 158) is **DENIED**.[4]

Accordingly, for the foregoing reasons:

1. The Report and Recommendation (Doc. 149) is **ADOPTED**;

2. Plaintiff's Objections (Doc. 153) to the Order  are **OVERRULED**;

3. Defendant Damon's motion to dismiss for lack of jurisdiction (Doc. 130) is **DENIED**;

---

[4] On May 5, 2015, Plaintiff moved the Court for an in-person status conference before Judge Black. (Doc. 119). Plaintiff renewed his request on July 9, 2015. (Doc. 136). Pursuant to the Order of General Reference and 28 U.S.C. § 636(b), all cases filed by persons proceeding *pro se* are referred to the United States Magistrate Judge to whom the case has been assigned. The Magistrate Judge addressed Plaintiff's concerns regarding Defendant Damon's filings in her Report and Recommendation. (See Doc. 149 at 7). In any event, because the Court finds that Defendants' motions for summary judgment are well taken, Plaintiffs' motions (Docs. 119, 136) are DENIED as moot.

4. Plaintiff's motion for leave to file a third amended complaint (Doc. 125) is **DENIED**;

5. Defendant Damon's motion for leave to file a third-party complaint (Doc. 126) is **DENIED**;

6. Defendant Damon's motion for summary judgment (Doc. 113) is **GRANTED**, and summary judgment is entered in favor of Defendant Damon and against Plaintiff on all claims against Defendant Damon;

7. Defendant Damon's motion to exclude Plaintiff's expert witness reports and testimony (Doc. 116) is **DENIED** as moot;

8. Plaintiff's motion to strike Defendant Damon's expert report (Doc. 124) is **DENIED** as moot;

9. Defendant Crosthwaite's motion for summary judgment (Doc. 144) is **GRANTED** and summary judgment is entered in favor of Defendant Crosthwaite and against Plaintiff on all claims against Defendant Crosthwaite;

10. Plaintiff's motions for an in-person status conference (Docs. 119 and 136) are **DENIED** as moot;

11. Plaintiff's motion for sanctions (Doc. 158) is **DENIED**;

12. The Clerk shall enter judgment accordingly, whereupon this civil action is **TERMINATED** in this Court.

**IT IS SO ORDERED**.

Date:  3/1/16                                    *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge